THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIRI FEDIDA,                                          CASE NO.:

       Plaintiff,

v.

UNITED COLLECTION BUREAU,
INC.,

       Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

As provided by 28 U.S.C. §1441 *et seq.,* Defendant, UNITED COLLECTION

BUREAU, INC. ("Defendant") hereby files this Notice of Removal of the above-

styled action from the Circuit Court of the Seventeenth Judicial Circuit, in and for

Broward County, Florida, where the action is now pending under Case Number

CACE-22-006670, to the United States District Court for the Southern District of

Florida.  In connection with this Notice of Removal, Defendant states:

       1.      The above-styled action was commenced by Plaintiff, MIRI FEDIDA

("Plaintiff"), in the Circuit Court of the Seventeenth Judicial Circuit in and for

Broward County, Florida, by the filing of a Complaint.  *See* **"Exhibit A."**

       2.      The action, which is of a civil nature, involves claims by Plaintiff

under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. et *seq*.

The Complaint specifically alleges violations of § 1692e, § 1692e(10), and § 1692g

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

as a result of a collection letter that was sent to the Plaintiff.

3.      The Court has federal question jurisdiction over the FDCPA claims pursuant to 28 U.S.C. §§1331 and 1441(a), since Plaintiff is alleging violations of a federal statute.

4.      Defendant was served with Plaintiff's Complaint on or about May 10, 2022. Thus, this Notice of Removal is timely, since 28 U.S.C. 1446(b) grants parties thirty (30) days to remove an action to Federal Court "after receipt . . . of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter."  *See* 28 U.S.C. § 1446(b).

5.      To date, the only pleading which Defendant has received is the Complaint, a copy of which is attached as **"Exhibit A."**

6.      Given that the above-styled state court action is pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, this case is removable to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1441(a), and § 1367(a).

7.      Defendant will give written notice of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

**GORDON REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

## MEMORANDUM OF LAW

### A.   The United States District Court Has Jurisdiction Over this Matter

A state court action may be removed to a United States District Court where "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. §1441(a).  In the instant case, original jurisdiction is available for the FLSA claims under 28 U.S.C. §1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Further, Plaintiff's claims under Florida Statute § 559.72(7) are so related to the FDCPA claims that they form part of the same case or controversy.  28 U.S.C. § 1367(a). Thus, the Court has jurisdiction over the FDCPA claims, and has supplemental jurisdiction over the remaining claims.

### B.   Defendant Has Complied With the Procedure for Removal

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446.  Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446.  Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading.  *See* 28 U.S.C. §1446.

Paragraphs 1 through 7 above set forth the grounds on which removal is sought, specifically citing the federal statutes upon which original jurisdiction is premised (under 28 U.S.C. § 1331) and the factual support for that jurisdiction. Accordingly, Defendant has complied with the terms of 28 U.S.C. §1446 which dictate that a short plain statement of the grounds for removal accompany any notice of removal.  In addition, this notice has annexed to it all process, pleadings and other papers that have been served on Defendant in compliance with 28 U.S.C. §1446.

C.      **Conclusion**

Defendant has complied with the procedural requirements of 28 U.S.C. §1446, the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida which govern removal from state court, and this Court has original jurisdiction over this matter.   Accordingly, Defendant respectfully requests that the United States District Court for the Southern District of Florida take jurisdiction over this action.

**WHEREFORE**, Defendant, UNITED COLLECTION BUREAU, INC. hereby gives notice that the state court action pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, under Case No.

CACE-22-006670, is removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this 9th day of June 2022.

> **GORDON REES SCULLY MANSUKHANI, LLP**
>
> By:  **_s/ Brian M. Bilodeau_**
>
> Robin Taylor Symons, Esq.
> Florida Bar No. 356832
> Brian M. Bilodeau, Esq.
> Florida Bar No. 0632635
> **GORDON & REES**
> **SCULLY MANSUKHANI**
> 100 SE Second Street, Suite 3900
> Miami, Florida 33131
> Email: rsymons@grsm.com;
> bbilodeau@grsm.com
> Secondary Email: mgomezpauley@grsm.com
> Telephone:  305-428-5300
> Facsimile:   877-644-6209
> **_Counsel for Defendant_**

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2022, I filed the foregoing document with the Clerk of the Court using CM/ECF, and that a true and correct copy of the foregoing document was served this day on all counsel of record identified on the following Service List by electronic mail.

> *s/ Brian M. Bilodeau*
> **Brian M.Bilodeau, Esq.**

**Service List**
Omar M. Salazar II, Esq.
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, FL 33021
Telephone: (954) 727-8570
Facsimile: (954) 241-6857
Email: omar@lawlp.com
Secondary emails: claudia@lawlp.com, frances@lawlp.com
*Counsel for Plaintiff*